**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HENRYETTA BYERLY, )<br>     Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>     Defendant. ) | Case No. CIV-05-378-R |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Defendant Commissioner has responded to Plaintiff's application and has no objection. United States District Judge David L. Russell has referred the matter for a report and recommendation pursuant to 28 U.S.C. § 636(b)(3). For the reasons set forth below, it is recommended that the application for attorney fees be granted and Plaintiff be awarded reasonable attorney's fees in the amount of $6,482.50.

Under the EAJA, a court shall award a prevailing party attorney fees and other expenses unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A). As Plaintiff obtained a fourth sentence reversal under 42 U.S.C. §405(g), she is a prevailing party for purposes of the EAJA fees. *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). In addressing the issue of whether the government's

position was substantially justified, the test is reasonableness in law and fact. *Pierce v. Underwood*, 487 U.S. 552 (1988). The government's position must be "justified to a degree that could satisfy a reasonable person." *Id*. at 565. The burden rests with the government to prove that the Commissioner's position was substantially justified. *Weakley v. Bowen*, 803 F.2d 575, 577 (10th Cir. 1986). As noted, the Defendant Commissioner states no objection to Plaintiff's requested attorney fees. Further, the record reflects no special circumstances which would make an award of attorney fees unjust. Thus, the only issue before the Court concerns the reasonableness of the fee requested.

An award under the EAJA is limited to $125 per hour unless the Court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Plaintiff seeks an attorney fee award of $6,482.50 calculated at the rate of $157 per hour for 26.2 hours of work performed in the year 2005, and $159 per hour for 12.4 hours of work performed in the year 2006. In addition, an itemized accounting provided by Plaintiff's counsel includes services performed by a paralegal under the supervision of an attorney: 3.6 hours at $75 per hour in 2005 and 1.7 hours at $75 per hour in 2006. The detailed itemization of the time expended in representing Plaintiff reflects a reasonable amount of time for this matter. Further, Plaintiff has provided documentation supporting the hourly rate by attaching a copy of a communication dated March 13, 2006, from the Social Security Office of the General Counsel Region VI in which that office agrees to the requested hourly rates for attorney work performed in cases arising in the district courts of Oklahoma. In support of the $75 hourly rate for paralegal services, Plaintiff has cited an

October 2004 report of Legal Assistant billing rates published by the National Association of Legal Assistants reflecting the August 2002 average paralegal rate charged in Region 5, including Oklahoma, and the October 2004 rate for Oklahoma, now classified in Region 4, which are higher than the paralegal rate requested in Plaintiff's application.

Based upon the record before the Court and the lack of objection by the Defendant Commissioner, the requested upward adjustment of the hourly rate for Plaintiff's attorney is appropriate and an attorneys fee award in the amount of $6,482.50 is justified. The Court finds, therefore, that Plaintiff is entitled to an award of fees under the EAJA, and the requested attorneys fees are appropriate and reasonable in this case.

## **RECOMMENDATION**

It is recommended that Plaintiff's Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. #27] be granted and that Plaintiff be awarded $6,482.50 for her reasonable attorney's fees.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August __23rd__, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

DATED this  3rd  day of August, 2006.

/s/ Valerie K. Couch
_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE